# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOHN-WESLEY, *et al.*,

    Plaintiffs,

v.

STATE OF ALASKA INC., *et al.*,

    Defendants.

Case No. 3:18-cv-00040-SLG

## ORDER

On January 11, 2018, Louis Holger, a self-represented litigant, filed a civil complaint with multiple exhibits. On February 12, 2018, the Court issued an order sealing the docket and directing Mr. Holger to file a redacted complaint and exhibits or risk his case being closed. Mr. Holger did not file redacted documents. Accordingly, the Court dismissed the case with prejudice and the entire case remained sealed.

Federal Rule of Civil Procedure 5.2 requires the redaction of personal information in documents filed with a court. A litigant must redact personal information such as social security numbers, birthdates, the names of minors, and financial account numbers in order to limit the disclosure of an individual or party's personal information.[1] If documents are filed with unredacted, protected personal

---

[1] Fed. R. Civ. P. 5.2(a).

information, a court may seal the filing or order a redacted version be filed by the litigant.[2]

Customarily, courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents."[3] "[A]ccess to judicial records is not absolute,"[4] although there is a "strong presumption in favor of access."[5]

Mr. Holger's complaint and exhibits contain both the names and birthdates of minor children. While it is in the public interest to unseal the case, the Court remains bound to protect the personal information of the minor children named.

**IT IS ORDERED** that the Clerk of Court shall (1) administratively seal Docket 1; (2) docket this Order with the attached redacted versions of the complaint and exhibits found at Docket 1; and (3) unseal the case for public access with the exception of Docket 1.

DATED this 6th day of February, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[2] Fed. R. Civ. P. 5.2(d).

[3] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).

[4] *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[5] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).